Curia, per

Johnston, Ch.
In affirming the decree of the Circuit Court in this case, it may be proper to say that *158 the question, whether the property covered by the two deeds , was the separate property of Mrs. Ogletree, is not necessarily involved. It is sufficient to observe that the title was in the two trustees; and that the interests of Mrs. Ogletree were merely equitable. Upon her death, the right to demand an execution of the trust, with a view to distribution between her husband and children, devolved upon her personal representative. The possession of a portion of the slaves by Mr. Ogletree was referrible to his character as trustee; and his possession of the others was as cestui que trust, by permission of the trustee, and must, therefore, be regarded as the possession of that trustee. Neither of these trustees can claim the benefit of the statute of limitations, as against the personal representative of Mrs. Ogletree, to whom alone they are responsible for the execution of the trust, until such representative is appointed. By the decree, the plaintiffs are entitled to bring in this administrator, when appointed, and make their claim through him; and, therefore, they cannot be barred where the bar of the statute is not effectual as against him.
This view, in which the interests of Mr. Ogletree, intended to be made subject to his debts, are regarded as equitable, renders it proper to enlarge the order for calling in his creditors, by extending it to all his creditors, whether holding liens or not. And it is ordered, accordingly, that the Commissioner do, by the usual publication, call them in by a day to be fixed by him, to render their demands, upon oath, and establish them by the necessary proof. Also, that the Commissioner do report the proportions to which the different creditors are entitled. Whether any preference is to be allowed among the creditors, in respect to liens or' otherwise, is a question now reserved. It may be made upon the reference, and brought up by way of exception to the Commissioners report.
In all other respects the decree is affirmed, and the appeal dismissed; and it is so ordered.
Dunkin and Dargan, CC. concurred.

Decree affirmed.